IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REUBEN LACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| SHANNON KERSEY, EMILY | ) | 1:12-cv-930-RWS |
| REISER, and MICHELLE WERRE, in | ) | |
| their official and individual | ) | |
| capacities; and FULTON COUNTY | ) | |
| SCHOOL DISTRICT | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED FIRST AMENDMENT COMPLAINT**

I.     **INTRODUCTION**

This is a complaint for equitable relief and damages arising from

Defendants' forcible removal of Plaintiff Reuben Lack ("Lack") from his elected

office of Student Body President of Alpharetta High School ("AHS") in Fulton

County, Georgia. Defendants removed Lack from his office as punishment for

the exercise of rights protected by the First Amendment to the United States

Constitution, as well as to restrain further exercise of said rights. Lack seeks an

order declaring his removal a violation of his rights under the First Amendment;

injunctive relief preventing Defendants from continued interference with the

operation of his elected position as Student Body President; and damages to compensate him for all harm arising from Defendants' wrongful acts.

This complaint has been amended to comply with the court's order of March 26, 2012 regarding redaction.

## II. JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988.  This Court has jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331, 1343, and 28 U.S.C. § 2201.

2.     The acts giving rise to this Complaint occurred in Fulton County, Georgia, which is located within this district and division. Venue is vested in this Court pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3.     Lack is a senior at AHS and was elected by the students of AHS as Student Body President for the 2011-2012 school year. Lack is of majority age.

4.     Shannon Kersey ("Kersey") is the principal of AHS. Kersey was one of the decision-makers regarding Lack's forced removal. She is a resident of this district and division. She is sued in her official and individual capacities.

5.     Emily Reiser ("Reiser") is a faculty advisor for the AHS student council. She was one of the decision-makers regarding Lack's forced removal.

She is a resident of this district and division. She is sued in her official and individual capacities.

6.     Michelle Werre ("Werre") is a faculty advisor for the AHS student council. She was one of the decision-makers regarding Lack's forced removal. She is a resident of this district and division. She is sued in her official and individual capacities.

7.     Fulton County School District ("FCSD") is a legal entity established by the Georgia General Assembly to operate the public schools of Fulton County, Georgia. AHS is operated by, and under the jurisdiction of, FCSD. The individual Defendants' acts as described herein were carried out on behalf of FCSD, under color of law.

IV.    **FACTS**

8.     On April 22, 2011, Lack was elected by the students of AHS to the position of Student Body President for the 2011-2012 academic year.

9.     Until his forced removal as Student Body President on February 8, 2012, Lack's tenure as president was marked by an exceptional level of service and accomplishment. For example, Lack authored, and gained approval for, the first set of bylaws for the student council. Lack became the first Student Body President in recent history to serve a leadership position on the AHS Local School Advisory Committee (LSAC), and was appointed the LSAC

parliamentarian. Lack attended meetings of the Fulton County Board of Commissioners as a student ambassador, and received an "Incredible Dedication Award" from the Board of Commissioners for his advocacy on behalf of youth issues. Lack lobbied for, and achieved, a change in school policy regarding charging students for napkins and utensils in the school cafeteria. Lack moderated a public debate between candidates for Mayor of Alpharetta. Lack led initiatives to install bike racks at AHS and to increase the energy efficiency of AHS facilities, among other initiatives.

10.    Lack has also maintained excellent grades in his classes, and he serves as the captain of the AHS debate team.

11.    At the January 12, 2012, meeting of the student council, Lack introduced a resolution to modify AHS's "Prom King and Queen" tradition to make it inclusive to gay and lesbian students. Lack suggested a number of options, including changing the tradition simply to "Prom Court" so that a same-sex couple could be elected.

12.    Lack followed parliamentary procedure regarding the resolution, opening the floor to student debate about the issue. An extended debate about the issue occurred among the students. Werre, who was present as faculty advisor, interrupted the debate, and demanded that the topic be dropped. She

instructed the students to cease discussing the topic, and dictated that the resolution would not be adopted, without any formal vote.

13.     At the following meeting of January 26, 2012, Lack again introduced the resolution to modify the "Prom King and Queen" tradition to make it more inclusive to gay and lesbian students. Werre again expressed great dissatisfaction and attempted to require a formal vote on the measure without further debate. Lack moved to table the resolution in order to prevent a vote rejecting the measure without proper debate and discussion.

14.     On January 31 and February 1, 2012, Lack engaged in a private exchange of electronic messages with a fellow student named D.F., off campus. In the exchange, Lack expressed frustration that Kersey had "shot down" a proposal made by Lack to organize a conference for leaders of various student organizations at AHS.

15.     On February 8, 2012, Reiser and Werre called Lack into a meeting and informed him that he was immediately removed as Student Body President.

16.     Reiser and Werre informed Lack he was being removed for "pushing personal projects" and advocating for "policy changes," which was a reference to Lack's advocacy to modify the "Prom King and Queen" tradition to make it more inclusive to gay and lesbian students.

17.     Reiser and Werre further informed Lack that he was being removed for "attacking the principal," which was a reference to his private, off-campus email exchange with D.F. Neither in the exchange with D.F., nor in any other forum, did Lack in any way "attack" Principal Kersey or any other person.

18.     Reiser and Were further informed Lack that he was being removed for a speech he gave to incoming Freshmen, in which he encouraged students to participate on the debate team, which apparently Reiser and Werre did not favor.

19.     Reiser and Werre asserted a number of additional reasons for Lack's removal, all of which were knowingly false. These reasons included a lack of accomplishments and not attending meetings. These rationales for removing Lack were false, and were pretextual bases upon which to punish Lack for the exercise of his right to free speech, and to restrain future advocacy on his part.

20.     Lack, his family, and counsel have met with Kersey and sent correspondence urging his reinstatement as Student Body President. However, Kersey has refused to reinstate him and has enforced the decision to remove him as Student Body President.

21.     Kersey also removed Lack as Parliamentarian for the LSAC in retaliation for Lack's expression of his rights to free speech and expression.

22.     The removal of Lack as Student Body President was not authorized by any lawful policy, rule, or regulation of AHS or FCSD.

23. The removal of Lack as Student Body President has caused him great emotional distress, has deprived him of an honor he worked hard to achieve, has threatened his admission to the college of his choice, has deprived him of the right to address the student body at graduation, and has caused additional harm to be proven at trial.

## V. CAUSE OF ACTION: FIRST AMENDMENT AND 42 U.S.C. § 1983

24. Plaintiff incorporates by reference all previous paragraphs as though fully set forth herein.

25. By removing him as Student Body President, Defendants sought to punish Lack for advocating for his position on issues of student concern, and sought to restrain his ability to advocate for those positions in his elected capacity as Student Body President.

26. Lack's advocacy did not cause substantial disruption to the education purposes of student government, nor to the pedagogical function of AHS in general. To the contrary, Lack's robust advocacy for policy issues within the context of student government fulfilled the educational purpose of student government, and provided all students with training to be effective participants in American democracy.

27. Defendants' actions serve to silence Lack, and have a chilling effect upon student expression in general.

28. Defendants' actions have no legitimate education purpose.

29. Any legitimate purpose of Defendants' actions is significantly outweighed by the dilatory effects upon Lack's First Amendment rights.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

a) Issue a declaratory judgment that Defendants violated Plaintiff's First Amendment rights to free speech and expression by removing him as Student Body President;

b) Issue a preliminary and permanent injunction compelling Defendants to cease their interference with Lack's exercise of his elected office of Student Body President;

c) Afford Plaintiff a trial by jury on all issues so triable;

d) Order that Defendants pay damages to Plaintiff, to compensate him for all harm arising from Defendants' actions;

e) Order that Defendants pay punitive damages, due to the intentional and outrageous nature of their actions;

f) Order that Defendants pay Plaintiff's costs and a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988; and

g) Grant such other relief as the Court deems just and equitable.

Respectfully submitted, this March 26, 2012.

James E. Radford, Jr.
Georgia Bar No. 108007
*Counsel for Plaintiff*

James Radford, LLC
150 E. Ponce de Leon Ave, Suite 260
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com